IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD M. ZELMA,** *Pro Se,* <br><br> Plaintiffs, <br> vs. <br> **AUDINA HEARING INSTRUMENTS, INC., HEAR BETTER FOR LIFE a/k/a d/b/a BETTER HEARING FOR LIFE, L.L.C., JOHN MONACO, SARAH R. LOVE TRAURING, YISROEL (ISREAL) SRULY, and MAXSIP TELECOM CORP.,** <br><br> Defendants. | Civil Action No. <br><br> (Fed # Not Yet Assigned) <br><br> BER-L-3490-18 <br><br> Civil Action |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants, Audina Hearing Instruments, Inc., Hear Better For Life a/k/a Better Hearing For Life, L.L.C., John Monaco, Sarah R. Love Trauring, Yisroel (Isreal) Sruly, and Maxsip Telecom Corp., ("Defendants") file this Notice of Removal of this case from the Superior Court of New Jersey, Bergen County, Law Division, Civil Part to the United States District Court for the District of New Jersey, Newark. In support of this Notice of Removal, Defendants state as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about July 20, 2018, Plaintiff commenced an action in the Superior Court of New Jersey, Bergen County, Law Division, against Defendants. Plaintiff filed his First Amended Complaint on August 6, 2018. Plaintiffs' Complaint ("Complaint") seeks judgment against Defendants for damages that Plaintiffs allegedly suffered as a result of certain telephone calls made to Plaintiff in violation of 47 USC Sec. 227(b)(1)(A)(iii); (b)(3) and (c)(5) the Telephone Consumer Privacy Act ("TCPA"), and other claims, including similar claims under N.J.S.A. Sec. 56:8-130, et seq., the New Jersey Consumer Fraud Act. Plaintiffs' claims against Defendants are based entirely on facts surrounding alleged telephone calls to their number made on behalf of the Defendant Hear Better For Life a/k/a Hearing Better For Life, L.L.C., (collectively, "Better

Hearing"), and are substantially the same facts for both the state and federal claims.

2. Upon information and belief, Plaintiff has not previously served any of the Defendants. Audina, Hearing Instruments, Inc., Hear Better For Life/Hearing Better For Life, and Sarah R. Love Trauring were served with copies of the First Amended Complaint on September 4, 2018. True and correct copies of the Summons, Complaint and other pleadings or orders are attached as Exhibit A, B and C and incorporated by reference. Under the New Jersey Rules of Court, there remains at least five (5) days in which to file an Answer for the Defendants served with the First Amended Complaint on September 4, 2018.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the prospective amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court because the State Court Action is pending in New Jersey, in a county (Bergen) that is nearest to The U.S. District Court seated in Newark, New Jersey. See 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

5. There is complete diversity of citizenship between the parties.

(a) **Plaintiffs.** All Plaintiffs are alleged to be citizens of New Jersey as alleged in the Complaint. 1. Plaintiff Richard Zelma is a citizen of New Jersey, residing in Bergen County. See Complaint at ¶ 2. There are no other Defendants.

(b) **Defendants.** All corporate are incorporated in states other than New Jersey and its principal places of business are located in states other than New Jersey. Audina is a Delaware corporation with its principal place of business in New Jersey. Thus, [Defendant] is not a citizen of Colorado and is diverse from all of the Plaintiffs.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

6. Plaintiff's stated claim is for 76,500.00. See Complaint, Prayers for Relief. Notwithstanding Defendants' defenses and denial of the allegations in the Complaint it is apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

7. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the notice of removal." See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).

9. Here, the amount in controversy more likely than not exceeds $75,000 based on Plaintiffs' claims, their alleged injuries and the recovery sought. Plaintiffs each seek recovery for alleged statutory damages under the TCPA and New Jersey. See Complaint at ¶¶ 18,

10. [Defendant] denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiffs' claims, as evidenced by the documents attached hereto as Exhibit A, demonstrate an amount in controversy in excess of $75,000.

11. Given the complete diversity of the real parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

## **OTHER ISSUES**

12. This Notice of Removal is timely filed Audina and at least one of the individual defendants served on September 4, 2018. See 28 U.S.C. § 1446(b).

13. Pursuant to D.C. Colo. L Civ R 7.1(A), on July 2, 2004, [Attorney for Defendant] advised Plaintiffs' counsel of the Notice of Removal. Plaintiffs' counsel indicated that he would object to removal.

14. This Notice of Removal is being delivered to the pro se Plaintiff. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit A) will be filed in the Superior Court, State of New Jersey, Bergen County, once this Notice of Removal has been filed in this Court.

15. According to the New Jersey Best Practices Discovery Notice the undersigned counsel believes there are no hearings set before the Superior Court of New Jersey from which this case is removed, and all pleadings and process files therein are attached hereto.

## **CONCLUSION**

Because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

Wherefore, Defendants Audina Hearing Instruments, Inc., Hear Better For Life a/k/a Better Hearing For Life, L.L.C., Sarah Love Trauring, Ysroel Sruly, and Maxsip Telecom Corp., request that this action now pending before the Superior Court of New Jersey, Bergen County Vicinage Civil Action No. BER-3490-18, be removed to the United States District Court for the State of New Jersey, sitting in Newark.

Dated: September 4, 2018        /s/ *Henry J. Aratow, Jr.*
　　　　　　　　　　　　　　　Henry J. Aratow, Jr.
　　　　　　　　　　　　　　　Attorney for Defendants *C*