Attorney *in fact*:
Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8153
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

# LAW DIVISION

Richard M. Zelma
Plaintiff

Docket No.: **BER-L-4930-18**

Vs.

# SUMMONS

. AUDINA HEARING INSTRUMENTS, INC.
HEAR BETTER FOR LIFE a/k/a, d/b/a,
HEARING BETTER FOR LIFE, LLC.
JOHN MONACO (individually)
SARAH R. LOVE TRAURING (individually)
YISROEL (ISREAL SRULY) MAX (individually)
and MAXSIP TELECOM CORP.

DATE 9 4/18 TIME 1159A
SERVED BY CLA
ID# 180020

Defendant(s)

𝔉𝔯𝔬𝔪 𝔗𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔑𝔢𝔴 𝔍𝔢𝔯𝔰𝔢𝔶 To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **20** days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith
Clerk of the Superior Court

**DATED:** August 24, 2018
**SERVE:** Audina Hearing-Marc P. Mclarnon, 165 E. Wildmere Avenue Longwood, FL 32750.
**SERVE:** MAXSIP CORP and Yisroel (Isreal Sruly) Max at 705 McDonald Ave., Brooklyn, New York, 11218
**SERVE:** Hear Better for Life/Hearing Better for Life at 241 Rockaway Avenue, Valley Stream, New York, 11580.
**SERVE:** John Monaco, 22 MITCHELL RD., PORT WASHINGTON, NY 11050
**SERVE:** Sarah R. Love Trauring, 506 Langley Ave, West Hempstead, NY 11552

## Appendix XII-B1

<table>
<tr>
<td rowspan="2"></td>
<td><h2>CIVIL CASE INFORMATION STATEMENT</h2>
(CIS)
Use for initial Law Division<br>
Civil Part pleadings (not motions) under <i>Rule</i> 4:5-1<br>
<b>Pleading will be rejected for filing, under <i>Rule</i> 1:5-6(c),<br>
if information above the black bar is not completed<br>
or attorney's signature is not affixed</b> </td>
<td><b>FOR USE BY CLERK'S OFFICE ONLY</b><br>
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>
CHG/CK NO.<br><br>
AMOUNT:<br><br>
OVERPAYMENT:<br><br>
BATCH NUMBER:</td>
</tr>
</table>

| ATTORNEY / PRO SE NAME<br>Richard M. Zelma pro se | TELEPHONE NUMBER<br>201 767 8153 | COUNTY OF VENUE<br>BERGEN |
|---|---|---|
| FIRM NAME (if applicable)<br>N/A | | DOCKET NUMBER (when available)<br>BER - 4930 -18 |
| OFFICE ADDRESS<br>940 BLANCH AVENUE<br>NORWOOD, NEW JERSEY 07648 | | DOCUMENT TYPE<br>First Amended Complaint |
| | | JURY DEMAND ☐ Yes ☒ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>RICHARD M. ZELMA - PLTF | CAPTION<br>ZELMA vs. AUDINA HEARING INSTRUMENTS, INC. and HEAR BETTER FOR LIFE & J. Monaco; S. Love Trauring; Maxsip Telecom Inc., Yisroel Max & Telemarketers calling from 855 888 4327 |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>699 | HURRICANE SANDY RELATED?<br>☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]* PRO SE



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA
624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

### Please check off each applicable category ☐ Putative Class Action ☐ Title 59

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK       NJ 07601-7680

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    JULY 06, 2018
                    RE:      ZELMA RICHARD VS AUDINA HEARING INSTRUMENTS INC
                    DOCKET:  BER L -004930 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MARY F. THURBER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         RICHARD M. ZELMA
                         940 BLANCH AVENUE
                         NORWOOD          NJ 07648


JUAZA

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma**<br>**Plaintiff**<br>Vs.<br>AUDINA HEARING INSTRUMENTS, INC.<br>and<br>HEAR BETTER FOR LIFE a/k/a, d/b/a, HEARING BETTER FOR LIFE, LLC.<br>and<br>JOHN MONACO (individually)<br>and<br>SARAH R. LOVE TRAURING (individually)<br>and<br>YISROEL (ISREAL SRULY) MAX (individually)<br>and MAXSIP TELECOM CORP.<br>and<br>TELEMARKETER[s] CALLING FROM [855] 888-4327; (800) 746-7748; (201) random local spoofed non-working numbers and Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group.<br><br>**Defendants'** | **SUPERIOR COURT OF NEW JERSEY**<br>**BERGEN COUNTY**<br>**LAW DIVISION**<br><br>DOCKET NO.: BER- L- 4930-18<br><br>Civil Action<br><br>PLAINTIFFS FIRST AMENDED COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES for VIOLATIONS of THE TELEPHONE CONSUMER PROTECTION ACT, and; VIOLATIONS TO THE NEW JERSEY NO CALL LAW, and; VIOLATIONS TO THE LENHAM ACT, and; TREBLED DAMAGES; and PERMANENT INJUNCTIVE RELIEF |

# I.  INTRODUCTION

Plaintiff, Richard M. Zelma by way of Complaint as against Defendants says as follows:

1.   This suit is brought pursuant to applicable authorities; 47 U.S.C. §§227(b)(1)(A)(iii);(b)(3)&(c)(5) (TCPA) and N.J.S.A. §56:8-130 *et seq*, which prohibit the initiation of unsolicited marketing (robo) calls made by telephone; whether live, prerecorded, initiated through an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS), (hereinafter; "dialer's" or "manually dialed"); that were initiated to a telephone connected to a cellular network or a land-line, where both numbers were listed with the federal and (NJ) state no-call-list to avoid receiving unwanted telemarketing solicitations of any kind.

# II.  PARTIES

2.   Richard M. Zelma (hereinafter, "**Plaintiff**" or "Zelma"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

# III.  DEFENDANTS

3.   Defendant Audina Hearing Instruments, Inc., (Hereinafter "Audina" or "Defendant") is headquartered in Longwood, Florida.  Defendant Audina claims to manufacture hearing instruments.  Audina is engaged in substantial business activities in the State of Florida and throughout the United States, including, but not limited to, telemarketing, to sell its products and services with the assistance of the other named defendants.

Audina can be served on its registered agent; Marc P. Mclarnon, 165 E. Wildmere Avenue Longwood, FL 32750.

4. Upon information and belief, Defendant Maxsip Telecom Corp. (Hereinafter "Maxsip" or "Defendant") is a New York Corporation and Common Carrier/ Telephone Service Provider, supplying phone numbers, toll free numbers and Caller ID services to various business entities including the defendants.

5. Maxsip provides phone numbers to the unknown Doe defendant call-centers including Defendant Hearing Better for Life

6. Maxsip may be served upon its registered agent, Yisroel (Isreal Sruly) Max at 705 McDonald Ave., Brooklyn, New York, 11218

7. Upon information and belief, defendant Yisroel (Isreal Sruly) Max, (hereinafter; "Max" or "Defendant") is the owner, president and director of Maxsip. Plaintiff sues Yisroel (Isreal Sruly) Max individually under the Responsible Corporate Officer Doctrine. Max may be personally served at 705 McDonald Ave., Brooklyn, New York, 11218.

8. Upon information and belief, Defendant Hear Better for Life, d/b/a, a/k/a Hearing Better for Life (hereinafter "Hearing Better" or "defendant") is a New York based LLC. Hearing Better has been found to use the name; Hear Better for Life with offices in New York, New Jersey and Florida.

9. Hearing Better has admitted to initiate calls to Plaintiff from New York, New Jersey and Florida.

10. Hearing Better admits to having a call-center located at 983 E Altamonte DR., Altamonte Springs Florida 32701 and 210 N Westmonte (sp) Dr Altamonte Springs Florida 32714, run by manager or partner, Raymond White.

11.   Raymond White can be reached at [407] 690-7509, a number registered with the State of Florida as a telemarketer.

12.   Hearing Better can be served upon its owners, managing members, partners as well as individual personal service upon its registered agent and principal partners, John Monaco and Sarah R. Love Trauring, at 241 Rockaway Avenue, Valley Stream, New York, 11580.   Plaintiff sues John Monaco and Sarah R. Love Trauring individually under the Responsible Corporate Officer Doctrine.

13.   Upon Plaintiffs information and belief, any unconfirmed various and other names used herein, were names freely given by the calling agents during the course of the subject solicitations and if applicable, are to be considered among the Doe Defendants.

## IV.   JURISDICTION AND VENUE

14.   The facts giving rise to this complaint had their primary effect in the County of Bergen, State of New Jersey.

15.   This Court has specific jurisdiction under N.J.S.A. §§56:8-19 & 130, where Defendants and each of them engaged in substantial, continuous and systematic activities by repeatedly initiating prohibited prerecorded or autodialed calls (robo-calls) into New Jersey, within this County, to Plaintiff, a resident whose New Jersey phone numbers are registered with the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

16.   This Court has general jurisdiction under authority of the TCPA, 47 U.S.C.   §§227(b)(1)(A)(iii):(b)(3)&(c)(5) in that the Defendants repeatedly

violated those proscriptions and repeatedly called and solicited Plaintiff.

17. The Defendants alleged at the time of their calls to have registered with New Jersey as a business; where they were domiciled in New Jersey as a business; where they were licensed in New Jersey as a business to offer their products or services and therefore at the time of their calls, they were believed to be situated in and residents of the Forum State.

18. As further set out below, the defendant's and each of them made a conscious decision to purposely direct their prohibited activities into the Forum State, towards Plaintiff, deliberately, willfully or knowingly calling his telephones, annoying his household in the course of unlawfully soliciting their services for their own financial gain.

## V.    ACTS OF AGENTS

19. Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set forth below, it is meant the Defendant[s] performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the Defendant[s] and each of them under Agency.

DOCKET NO.: BER – L- 4930 - 18

## VI. <u>BACKGROUND</u>

*20.*   Plaintiff subscribes to phone numbers [201] 767 8153 and Cell Phone [201] [**XXX**] 0851.

*21.*   All of Plaintiffs phone numbers referenced above have been and remain listed on the FTC and New Jersey no-call-registry since inception, 2003 and 2004.

*22.*   Plaintiff never inquired about the defendants' products or services.

*23.*   Plaintiff never heard of the defendants.

*24.*   Plaintiff's doctors never heard of the defendants.

*25.*   Plaintiffs Doctors never provided the defendants any information.

*26.*   Plaintiff's insurance provider did not give his info to the defendants.

*27.*   Plaintiff does not need the defendants' products or services.

*28.*   Plaintiff never provided either or any of the Defendants express written consent to solicit him using a prerecorded message.

*29.*   Plaintiff never provided either or any of the Defendants his cellular or residential phone numbers to solicit him.

*30.*   Plaintiff received and answered each of the unlawful calls at issue, which were from, by or on behalf of the defendants, as set forth above.

*31.*   Plaintiff and his wife are customers of SHOP RITE and have been for many years.

*32.*   Plaintiff and his wife obtain their food and grocery's from SHOP RITE as often as twice weekly.

*33.*   On occasion, SHOP RITE may call its customers about a food recall.

*34.*   On occasion, SHOP RITE will call to alert a customer about a 'Rain

Check' product arriving at the store.

## VII. DEFENDANTS FRAUDULENT CLAIMS

35. Commencing on or about August 8, 2017 and continuing through June 27, 2018, with additional dates surfacing through continued discovery, Plaintiff received and answered eight (8) incoming calls to his cellular telephone ending in [0851] which displayed spoofed local numbers on his Caller ID, often with the name "SHOP RITE" or "SHOP RATE". Within that same time frame, Plaintiff received and answered NINE (9) incoming calls to his residential land-line telephone ending in [8153] which displayed spoofed local numbers on his Caller ID often with the name "SHOP RITE" or "SHOP RATE".

36. Plaintiffs table of calls are attached hereto and made a part hereof as **EXHIBIT - 1.**

37. Within that same time frame, several of the defendants calls displayed toll free number (800) 746-7748, which, when called back, reached the real Shop-rite.

38. Within that same time frame, several of the defendants calls displayed toll free number [855] 888-4327, which when called back reached the Defendants.

39. Plaintiff was deceived into answering those calls believing it was actually Shop Rite that was calling, when in fact, it was the Defendants.

40. Plaintiff answered each of those calls, hearing a prerecorded message stating;

> "Hi, this is Melissa from the National Hearing Center and I'm excited to speak with people in your area who may suffer from hearing loss about a revolutionary offer. Our partners can now offer a pair of hearing aids at lower prices than ever before and this includes a full 45 days risk free for you to try them out. 0 percent financing may be available as well. Do you have

trouble hearing in certain situations and want to avoid
paying retail for hearing aids?."

41. After Plaintiff responded in the affirmative, the recording continued with:

"Great. I'm going to transfer you to one of our
specialists who can get you more details."

42. Following his acknowledgment to "get more details", some of the
defendants calls using spoofed local numbers would drop off, leaving Plaintiff no
way to call back to stop the unwanted calls as those numbers were not in service.

43. If a call stayed connected, the live agents told Plaintiff the hearing aids,
manufactured by Audina, "were only $1800.00, while hearing aid centers were
selling the same aid for over $3000.00."

44. In each call, the Defendants live agent[s] told Plaintiff he could save
several hundred dollars on hearing aids by paying in full rather then financing.

45. In truth and in fact, the defendants' hearing aids cost less then $100.00!

46. All of the Defendants calls were introduced with the same prerecorded
message from "Melissa from the National Hearing Center".

47. Plaintiff was deceived and his privacy rights were damaged by the
defendants knowing use of a known name (SHOP RITE) in an attempt to have
their calls answered, which was the result.

48. Plaintiff inquired from each agent how they obtained his number and was
given a variety of claims; they received it from "the doctor"; "the health insurer"
or various other health related providers.

49. In conversation with each live agent, Plaintiff made a do-not-call request.
In response, those live agents would simply hang-up.

*50.*   Defendant Audina contracts with one or more third party vendors including Hearing Better for Life, to knowingly make telemarketing calls, to market Audina's products and services.

*51.*   Audina's vendors, including Hearing Better for Life, use automatic telephone dialing systems ("ATDS") and/or artificial or prerecorded voice messages to contact potential new customers.

*52.*   Audina's vendors, including Hearing Better for Life, contact consumers who have not consented to being contacted either through the use of ATDS or pre-recorded messages, such as the Plaintiff.

*53.*   Audina and its vendor, Hearing Better for Life, their respective owners, presidents, managing members, partners or directors, benefit from the arrangement because Audina obtains new business through the vendor's efforts, and Hearing Better for Life secures significant payment for their services.

*54.*   Maxsip and its owner benefit through calls made to Hearing Betters website toll free number[s] as well as calls initiated by Hearing Better to customers it solicits for or on behalf of Audina because Maxsip owns and leases those numbers.

*55.*   Audina is vicariously liable for the conduct of its vendors, including Hearing Better for Life and Maxsip, as it contracts with them to knowingly make telemarketing calls and provide their services under ordinary principles of agency.

*56.*   Hearing Better is vicariously liable for the conduct of the vendors, including Maxsip because Hearing Better knowingly directed or authorized the vendor's conduct constituting the statutory violations alleged herein.

*57.*   Hearing Better for Life, established, knowingly approved and ratified

Maxsip's policies and procedures.

58. Maxsip knowingly participated in and accepted the benefits of Hearing Better's illegal telemarketing campaigns by accepting CNAM Dip Fees and/ or Subscriber fees from calls being received or initiated by Hearing Better or in the alternative, "hot-transfered" to either Hearing Better or Audina to complete a sale.

59. Audina knowingly accepted the benefits of Hearing Better's illegal telemarketing campaigns by accepting new customer accounts and sales, even though it knew or should have known that the sales were generated through the making of illegal telemarketing calls such as those addressed herein.

60. In calls made to defendant Audina's corporate offices to complain about the calls, Plaintiff was told; "take it up with "Hear Better for Life", confirming Plaintiffs understanding that Hear Better for Life was defendant Audina's marketing agent.

61. Following several more calls, Audina's in-house marketing rep was again called and told Plaintiff could not reach anyone at Hear Better for Life.

62. In return, Audina's rep stated; "that's not our problem" and abruptly terminated the call.

63. The Defendants never had Plaintiffs express written consent to receive telemarketing calls initiated to him through the use of an Automated Dialing and Announcement Device.

64. The calls defined and described above were each responded to and answered by Plaintiff.

65. The Defendants continued to call Plaintiff multiple times, even after repeatedly being told not to do so. Id.

66.     At times, the defendants' calls did not display the true calling number on Plaintiffs Caller ID, thus preventing Plaintiff from calling back during normal business hours to make an additional no-call request.

67.     The Defendants and each of them made the subject calls as defined and described above and did so willfully, knowingly and maliciously in violation of the TCPA; The New Jersey no call law, the Lenham Act and violated the privacy rights of Plaintiff.

## IX.   VIOLATIONS OF LAW

68.     The Defendants initiated the foregoing calls and did so using an automatic dialing and announcement device. Additional calls will be sought through continuing discovery.

69.     The defendants do not have an internal no-call list nor have either of them purchased a no-call-list from the FTC's National Do-Not-Call Registry as required by law.

70.     The defendant's employees, call-centers or agents are not trained in the use of a company specific no-call list as required by law.

71.     The defendants do not have procedures in place to "effectively" prohibit unwanted calls.

72.     The defendants falsely claimed that plaintiffs "doctor", "health insurer" or various other health related providers gave the Defendants Plaintiffs phone numbers, which is not only false, it violates the HIPAA Security Rule; 45 C.F.R. Part 160 and Subparts A and C of Part 164.

73.     The absence of mandatory minimum standards and regulatory compliance procedures evidenced above, contributed to the defendants repeated calls, thereby

indicating the absence of any "<u>effective</u>" no-call procedures.

74. Each call received was in violation of plaintiff's previous no-call request.

75. Each call received violated the terms of the TCPA.

76. Each call received violated the provisions of the New Jersey no call law.

77. Most calls received did not produce a valid calling number on Plaintiffs caller ID.

78. The defendants and each of them knowingly or willfully hid, blocked or deprogrammed the real phone numbers, from which the calls initiated to purposely hide their true identity and that of their call-centers, thereby making it difficult, if not impossible for Plaintiff or others to effectively stop their calls. *Id.*

79. Most of the defendant's calls were purposely programmed to transmit "SHOP RITE" or "SHOP RATE" as the caller on Plaintiffs' Caller ID. [**Truth in Caller ID Act, 2009**] and [**Lenham Act**]

80. Each of the defendants' calls occasionally used a toll free number to appear on Plaintiffs Caller ID or in the alternative used what appeared to be a local number, which when called back, was not in service.

81. At all times material to this Complaint, acting alone or in concert with others, the defendants and each of them had the authority and responsibility to prevent or correct the unlawful acts but knowingly failed or refused to do so and willfully chose to do nothing.

82. The Defendants are therefore liable along with the currently unnamed Doe Defendants, under the terms of 47 <u>U.S.C.</u> §227(b)(3); (c)(5) and <u>N.J.S.A.</u> §56:8-130.

83. The Defendants used an automated dialing and announcement device (ADAD) or an Automatic Telephone Dialing System (ATDS) to solicit Plaintiffs and did so in violation of 47 USC §227(b)(1)(B).

84. At all times relevant, the Defendants and each of them, purposely, willfully or knowingly made the calls at issue to Plaintiff; initiated or caused the initiation of those calls to Plaintiff; and delivered said calls to Plaintiff, which were purely commercial in nature, to benefit the Defendants' own financial gain.

85. The Defendants failed to obtain Plaintiffs prior written express consent to receive their auto-dialed unsolicited calls.

86. The defendants' actions were willful or knowing.

87. As alleged herein, each of the defendant's willful, purposeful or reckless disregard of the law; knowingly implementing and initiating unlawful calls; violated the TCPA as well as the New Jersey no-call-law, where each such call was made with prior knowledge, participation, acceptance and approval, directed by the defendants to the benefit of each of them.

88. At all times relevant, the Defendants and each of them failed or refused to register their intent to solicit into the State with the New Jersey Division of Consumer Affairs. [N.J.S.A. §§56:8-121(a)(&(b)]

## X. THIS COURT'S POWER TO GRANT RELIEF

89. 47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects both Plaintiff.

90. Plaintiff will suffer continual harassment along with substantial emotional

distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

91. Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing, against the Defendants and each of them.

## XI. COUNT ONE
## INITIATING UNLAWFUL CALLS TO A CELLULAR TELEPHONE: PROHIBITED USE OF AN AUTOMATED DIALING DEVICE: VIOLATIONS OF 47 U.S.C. §§227(b)(1)(A)(iii)

92. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety-one as if set forth in full at length.

93. As set forth in ¶36 above, in relevant part; Plaintiff received and answered **eight (8)** telemarketing calls on his cellular telephone, hearing a prerecorded message that said:

> "Hi this is Melissa from the National hearing center and I'm excited to speak with people in your area who may suffer from hearing loss about a revolutionary offer. Our partners can now offer a pair of hearing aids at lower prices than ever before and this includes a full 45 days risk free for you to try them out. 0 percent financing may be available as well. Do you have trouble hearing in certain situations and want to avoid paying retail for hearing aids? "

94. That call was identified as coming from the defendants.

95. The TCPA states in relevant part:

> "(a). . .
> (b) Restrictions on use of automated telephone equipment;

(1)PROHIBITIONS: It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . ."

96. The Defendants and each of them unlawfully engaged in the initiation and completion of **eight (8)** prerecorded telemarketing calls to Plaintiffs cellular phone number that was placed on the Federal and State no-call registry since inception.

97. As set forth herein, the Defendants and each of them unlawfully engaged in the initiation of **eight (8)** prerecorded telemarketing calls and completed those calls causing Plaintiff to answer his cellular telephone and consume minutes.

98. The defendants initiated those **eight (8)** calls using an automated telephone dialing system (ATDS) in violation of the proscriptions of the TCPA, as amended February 15, 2012, FCC REPORT & ORDER, *NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23.*

99. Prior to their calls, the Defendants did not have Plaintiffs prior express consent to initiate telemarketing calls to his cellular phone using an auto-dialer. *Id.*

*100.* The defendants ATDS did not transmit accurate caller ID identification during those **eight (8)** calls.

*101.* The defendants foregoing conduct by each of them initiating **eight (8)** prohibited calls, constitutes **eight (8)** separate and distinct violations to the TCPA, 47 U.S.C.§227(b)(1)(A)(iii) and the Regulations promulgated thereunder, 47 C.F.R.§64.1200(a)(1).

WHEREFORE, Plaintiff demands judgment against Defendants and each of them as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count One for a total of Four Thousand Dollars ($4,000.00).

## XII. COUNT TWO
## ENGAGING IN PROHIBITED ACTIVITY
## PURSUANT TO N.J.S.A. §56:8-130

*102.* Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred-one above as if set-forth in full at length.

*103.* In a plan, program or campaign to solicit Plaintiff, on the dates and times set forth herein, the Defendants' initiated **eight (8)** prerecorded telemarketing calls to Plaintiffs cellular phone. **[See: EXHIBIT -1]**

*104.* The Defendant[s] initiated the **eight (8)** calls to Plaintiffs cellular phone with the intent to market their products, goods or services. *Id.*

*105.* New Jersey's no-call-law, codified under N.J.S.A. §56:8-120 *et seq*, states as follows:

"Telemarketing" is a plan, program or campaign which is conducted by telephone to encourage the purchase or

rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than a telephone call."

**106.** The defendants actions are unlawful under N.J.S.A. §56:8-130 by meeting the definition of a prohibited solicitation. The Defendants were selling their products and / or services.

**107.** As defined under authority of the New Jersey Consumer Fraud Act, codified at N.J.S.A. §56:8-19, The Act sets-forth the following;

> "N.J.S.A. §56:8-19 **Action . . . by injured person; recovery of damages, costs.**
> Any person who suffers any ascertainable loss of moneys . . . as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action . . . therefore in any court of competent jurisdiction. **In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest.** In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable . . ., filing fees and reasonable costs of suit."

**108.** The Defendants actions are declared unlawful under the Telephone Consumer Protection Act, 47 USC §227. (TCPA) [*the act hereby supplemented*]. *Id.*

**109.** By initiating **eight (8)** calls to Plaintiffs Cell phone, the defendants caused Plaintiff to suffer a loss of minutes from his cellular plan, an ascertainable loss of moneys as that term is defined by statute, for answering the defendants unlawful prerecorded calls.

**110.** Plaintiff suffered 'damages' to the protections afforded him under the TCPA. Violations of the TCPA are "strict liability statutory damages.

111. Therefore, in addition to any other appropriate legal or equitable relief, Plaintiff seeks a separate award of the mandatory threefold damages sustained as a result of the Defendants use or employment of an act or practice declared unlawful under N.J.S.A. §56:8-130 *et seq*; initiating telemarketing calls to Plaintiff's cellular phone, causing Plaintiff an unwanted loss of 'plan minutes', violating Plaintiffs privacy rights, entitling Plaintiff this additional action.

WHEREFORE, Plaintiff demands judgment against Defendants under authority, N.J.S.A. §56:8-19 as follows:

In addition to any other appropriate legal or equitable relief under the TCPA, award Plaintiff the statutory trebled damage award for each of the **eight (8)** unlawful calls material to Count Two, for a total of Twelve Thousand Dollars ($12,000.00).

## XIII.   COUNT THREE
## PROHIBITED USE OF AN ATDS
## VIOLATIONS OF 47 U.S.C. §227(b)(1)(B)

112. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred-eleven as if set forth in full at length.

113. As set forth herein, Plaintiff received and answered his residential telephone line and identified **Nine (9)** calls from the Defendants, each call introduced with a prerecorded message. *Id.*   [See: EXHIBIT -1]

114. The defendants initiated those calls, each time using an ATDS or ADAD with a prerecorded message to solicit Plaintiff. *Id.*

115. Plaintiff's residential phone number is listed on the Federal and State no-call-list since inception.

116. Each of the Defendants calls were initiated to plaintiff for telemarketing purposes and violated the proscriptions of 47 U.S.C. §227(b)(1)(B).

117. Each of the defendants calls were introduced with a prerecorded message stating:

> "Hi this is Melissa from the National hearing center and I'm excited to speak with people in your area who may suffer from hearing loss about a revolutionary offer. Our partners can now offer a pair of hearing aids at lower prices than ever before, and this includes a full 45 days risk free for you to try them out. 0 percent financing may be available as well. Do you have trouble hearing in certain situations and want to avoid paying retail for hearing aids? "

118. The TCPA states in relevant part:

> "47 USC §227;
>
> > (A). . .
> > (B) RESTRICTIONS ON USE OF AUTOMATED TELEPHONE EQUIPMENT
>
> (1) Prohibitions. It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—
>
> > (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2) (B)."

119. The defendants foregoing conduct by each of them, initiating **Nine (9)** prohibited calls, constitutes **Nine (9)** distinct and separate violations of the TCPA, 47 U.S.C.§227(b)(1)(B) and the Regulations promulgated under, 47 C.F.R.§64.1200(a)(3) for soliciting phone numbers with a prerecorded message.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count Three for a total of Four Thousand Five Hundred Dollars ($4,500.00).

## XIV. COUNT FOUR
## VIOLATIONS OF 47 U.S.C. §227(c)(5)(C)
## UNLAWFULLY SOLICITING A NUMBER
## ON THE FTC NO-CALL-LIST

*120.* Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred-nineteen as if set forth in full at length.

*121.* On the dates set forth herein, Plaintiff received and answered his residential line and cellular telephone and identified **Seventeen (17)** total calls from the Defendants.

*122.* The defendants repeatedly initiated those calls to numbers that had been placed on the FTC no-call-list since inception. *Id.*

*123.* Each of the Defendants calls were <u>not emergencies</u> but purposely initiated to plaintiff for telemarketing purposes and violated the proscriptions of 47 U.S.C. §227(c)(5)(C).

*124.* The TCPA states in relevant part:

*125.* "47 USC §227;

           (A)...
           (B)...
           (C) Protection of subscriber privacy rights
              (5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed

under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

    (A). . .

    (B). . .

    (C)    both such actions.

"It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

126. The defendants did not implement or established a no-call policy; did not register their intent with the State of New Jersey to solicit consumers in the forum state and did not purchase a no-call subscription from the FTC.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the **Seventeen (17)** calls material to Count Four for a total of Eight Thousand Five Hundred Dollars ($8,500.00).

### XV.   COUNT FIVE
### VIOLATION OF 47 C.F.R. § 64.1601(e)
### AS PROMULGATED UNDER 47 U.S.C. § 227(C)

127. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one hundred twenty-six as if set forth in full at length.

128. The defendants **Seventeen (17)** robo-calls were often initiated without transmitting a valid name and/or without transmitting a valid telephone number

which therefore constitutes [a violation] of 47 C.F.R. §64.1601(e) as promulgated under 47 U.S.C. § 227(c).[1]

129. The defendants knowingly and purposely spoofed their number, sending inaccurate or false Caller ID information, or at times, no information, for the sole purpose to hide their identity or mislead the called party as to who was calling, while wrongfully obtaining the value of deception, forcing the called party to answer their calls.

130. The Defendants purposeful use of inaccurate Caller ID or in the alternative, no caller ID, caused concrete harm by violating the law, peace and solitude of plaintiff's privacy.

131. The defendant's purposeful use of inaccurate Caller ID or failing to provide any caller ID was a deliberate attempt to wrongfully obtain something of value for their own financial gain.

132. The defendants initiated their calls, devoid of factual and actual identification, intentionally cloaking their true identity, thus deceiving the called party to answer their unwanted calls.

133. Therefore, the Defendants and each of them performed their act of deception with the display "SHOP RITE" or "SHOP RATE" on Plaintiffs phones and spoofing a local disconnected number with Caller ID as the calling number. Hence, Plaintiff was tricked into responding, believing the calls were important,

---

[1] 47 C.F.R. § 64.1601(e) requires every telemarketing call to transmit either the telemarketer or seller's name, and to transmit a phone number which a consumer could call back to request placement on the do-not-call list.

only to hear a prerecorded sales pitch selling the defendants products, goods or services, which was the result.[2] *Id.*

      WHEREFORE, Plaintiff demands judgment against Defendants as follows:

      Award Plaintiff strict liability statutory damages of $500.00 for each of the Seventeen (17) calls material to Count Five for a total of Eight Thousand Five Hundred Dollars ($8,500.00).

## XVI.   COUNT SIX
### AWARD FOR STATUTORY TREBLED DAMAGES FOR WILLFUL OR KNOWING VIOLATIONS OF THE TCPA, 47 U.S.C. §227(b)(3)(C)

*134.*   Plaintiff hereby incorporates all of the allegations of paragraphs one through one hundred thirty-three as if set forth in full at length.

*135.*   Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). *Id.*

*136.*   The Defendants knowingly or willfully violated the TCPA as well as the N.J. no-call-law when they resorted to 'robo' call and solicit Plaintiff as set forth above, purposely spoofing caller ID and initiated their prerecorded calls to Plaintiff without prior express written consent to do so.

*137.*   As set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud,

---

[2] Defraud; tricked; To practice fraud; to cheat or trick; to deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice. People v. Wiman, 148 N. Y. 29.42 N. E. 408; Alderman v. People, 4 Mich. 424, 09 Am. Dec. 321; U. S. v. Cur- ley (C.C.) 122 Fed. 740; Weber v. Mick, 131 111. 520, 23 N. El 640; Edgell v. Smith, 50 W. Va. 349, 40 S. B. 402; Curley v. U. S. 130 Fed. 1, 04 C. C. A. 309. Blacks Law Dictionary 6ᵗʰ Edition.

false pretense and misrepresentation in connection with Caller ID and their telemarketing solicitations. *Id.*

138. As set forth above, the defendants knowingly solicited into New Jersey while not being registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs. *Id.*

139. On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him using false pretense, knowing they would be calling numbers on the federal and state no-call-list but chose to call anyway, which they did.

140. The defendants foregoing wrongful acts were knowingly made with false claims of being referred by one of Plaintiffs health care providers.

141. The defendants foregoing acts or practices as set forth above, were known, directed, accepted and approved prior to implementation by the Defendants and each of them in their capacity as owner[s], director[s], attorneys, marketers or managing member[s] and through Agency for each of the other defendants.

142. The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement, in that it defines willful conduct as *"the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

143. The defendants knew their intentions to solicit plaintiff by telephone would violate the TCPA as well as New Jersey's no-call law, but they knowingly chose to initiate their unlawful calls anyway.

144. The Defendants and each of them knowingly or willfully violated the

TCPA; __47 U.S.C.§227__ which provides strict liability by statute, for Plaintiff to receive damages, of $1,500.00, for each count and every violation within each such call identified within this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff trebled the strict liability statutory TCPA damages of Counts One, Three, Four and Five; for a total of $22,500.00 plus $12.000 for separate State Law damages for each such violation material and relevant to those raised within this complaint for a total of $34,500.00.

### XVII.   COUNT SEVEN
### FRAUDULENT INDUCEMENT
### THE LENHAM ACT,
### Recovery for violation of rights
### 15 U.S. Code § 1117

*145.* Plaintiff hereby incorporates all of the allegations of paragraphs one through one hundred forty-four as if set forth in full at length.

*146.* The defendants actions by each of them, violated the terms of the TCPA which was designed to protect the privacy rights of consumers.

*147.* A violation to the statute is damage suffered by plaintiffs privacy to which the statute was designed to protect. The defendants and each of them, conspired to market their products through the use of telemarketing and chose to ignore the very laws that protect consumers.

*148.* By making a choice to unlawfully use the name of a well known grocery chain in Plaintiffs vicinity and used that name to mislead Plaintiff, having him answer each call, Plaintiffs privacy rights were statutorily damaged.

149. Upon answering each call, Plaintiff was subject to hear the defendants' prerecorded message.

150. Plaintiff's privacy rights were violated and eventually harassment ensued each time he was forced to respond to the defendants' calls.

151. The Lenham Act states in relevant part:

15 U.S. Code § 1117

(a). . .

(b) Treble damages for use of counterfeit mark. . . .

(1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale, or distribution of goods or services;.

152. The Defendants and each of them, consciously, knowingly, willfully and deliberately misused a well known grocery chain as a counterfeit mark, the use of SHOP RITE in Plaintiffs caller ID.

153. The Defendants and each of them knowingly used that mark in connection with the unlawful and prohibited telemarketing calls it was initiating.

154. The Defendants use of the counterfeit mark caused Plaintiffs privacy rights to be damaged by having him answer and respond to the unlawful calls.

155. The Defendants were not SHOP RITE, they were various call centers initiating in prohibited calls in connection with the sale, offering for sale, or distribution of goods or services for or on behalf of Defendant Audina Hearing Instruments, Inc., the entity ultimately benefiting from the unlawful acts.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff trebled damages as per Count Seven and as The Court deems appropriate for violations to the Lenham Act, relevant to the Defendants prohibited use of a well known merchant name in the course of their telemarketing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a)      Award Plaintiff strict liability statutory damages of $500.00 for each of the eight (8) calls made in violation of the regulations prescribed under the TCPA, 47 U.S.C. §§227(b)(1)(A)(iii) material to Count One for a total of $4000.00.

(b)      Under authority of the New Jersey Consumer Fraud Act, codified at **N.J.S.A. §56:8-130**; award Plaintiff the automatic trebled damages of $1500 for each of the eight (8) calls material to Count Two for a total of $12,000.00.

(c)      Award Plaintiff strict liability statutory damages of $500.00 for each of the nine (9) calls made in violation of the regulations prescribed under the TCPA, 47 U.S.C. §227(b)(1)(B) material to Count three for a total of $4,500.00.

(d)      Award Plaintiff strict liability statutory damages of $500.00 for each of the seventeen (17) calls made in violation of the regulations prescribed under the TCPA, <u>47 U.S.C. §227(c)(5)(C)</u> material to Count Four for a total of $8,500.00.

(e)      Award Plaintiff strict liability statutory damages of $500.00 for each of the seventeen (17) calls made in violation of the regulations

prescribed under the TCPA, <u>47 C.F.R. § 64.1601(e)</u>, as promulgated under <u>47 U.S.C. § 227(C)</u> material to Count Five for a total of $8,500.00.

      **(f)**             Award Plaintiff **trebled statutory damages** for the series of prohibited calls that were willfully or knowingly made in violation of the TCPA, defined within the Communications Act of 1934, 47 <u>U.S.C.</u> §312(f)(1), administered by the FCC, for the seventeen (17) calls addressed in Counts One, Three, Four and Five, trebling that amount to $76,500.00 or as This Court deems appropriate.

      **(g)**   Award Plaintiff **trebled damages** for the series of violations to the Lenham Act addressed in Count Seven, by the defendants willfully or knowingly and unlawfully using a trademark name in caller ID, thereby causing damage to Plaintiffs Privacy rights.

      **(h)**   Award Plaintiff attorney fees if applicable or, in the alternative, award Plaintiff costs associated with this litigation pursuant to <u>N.J.S.A.</u> §56:8-19

      **(i)**   Award Plaintiff Permanent Injunctive Relief pursuant to 47 <u>U.S.C.</u> §227(b)(3)(A)

      **(j)**   Award Plaintiff any Other Equitable Relief the Court deems justified to stop the telemarketing defined and described herein.

      **(k)**   Plaintiff reserves the right to amend this complaint or supplement this prayer, in the event additional violations or information surface through continuing discovery.

Respectfully submitted,

By: _____
RICHARD M. ZELMA, *pro se*
Dated: August 1, 2018

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated. No other parties should be joined in this action.

By: _____
RICHARD M. ZELMA, *pro se*
Dated: August 1, 2018

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A. §56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF
Dated: August 1, 2018

Signed on the date set forth herein, Norwood, NJ 07648

DOCKET NO.: BER – L- 4930 - 18

| DATE | INC NUMBER | NUMBER CALLED | CID NAME | CALLER |
|------|-----------|---------------|----------|--------|
| 08/08/17 | 201 767 2143 | 8153 | 201 767 2143 | HEAR BETTER FOR LIFE |
| 08/26/17 | 201 767 2143 | 8153 | 201 767 2143 | HEAR BETTER FOR LIFE |
| 04/03/18 | 201 876 8180 | CELL | Jersey City, NJ | HEAR BETTER FOR LIFE |
| 03/26/18 | 201 767 1600 | 8153 | 201 767 5143 | HEAR BETTER FOR LIFE |
| 05/16/18 | 551 888 0975 | 8153 | UNAVAILABLE | HEAR BETTER FOR LIFE |
| 05/17/18 | 201 767 2068 | 8153 | SHOP RITE | HEAR BETTER FOR LIFE |
| 04/05/18 | 800 746 7748 | CELL | SHOP RATE (sic) | HEAR BETTER FOR LIFE |
| 06/21/18 | 201 767 2214 | 8153 | CLOSTER NJ | HEAR BETTER FOR LIFE |
| 06/27/18 | 800 746 7748 | 8153 | SHOP RATE (sic) | HEAR BETTER FOR LIFE |
| 06/27/18 | 863 201 8618 | CELL | SHOP RITE | HEAR BETTER FOR LIFE |
| 06/27/18 | 201 767 9733 | 8153 | SHOP RATE (sic) | HEAR BETTER FOR LIFE |
| 05/07/18 | 201 877 6783 | CELL | Cliffside Park, NJ | HEAR BETTER FOR LIFE |
| 01/19/18 | 863 201 8618 | CELL | SHOP RITE | HEAR BETTER FOR LIFE |
| 05/08/18 | 201 876 6455 | CELL | Jersey City, NJ | HEAR BETTER FOR LIFE |
| 08/06/18 | 855 888 4327 | CELL | UNAVAILABLE | HEAR BETTER FOR LIFE |
| 05/19/18 | 201 626 2500 | CELL | SHOP RITE | HEAR BETTER FOR LIFE |
| 06/13/18 | 201 767 2068 | CELL | SHOP RITE | HEAR BETTER FOR LIFE |

PLAINTIFF'S
EXHIBIT
1